PONDER, Judge.
Plaintiff filed a suit on open account. Defendant reconvened for damages. Without assigning reasons the court dismissed both the main and the reconventional demand. The issue is sufficiency of the evidence.
We reverse and render on the main, demand and affirm on the reconventional demand.
Plaintiff sold and delivered to defendant restaurant equipment and supplies. Defendant paid $26,981.09, leaving an unpaid balance of $4,861.04. Defendant did not deny the amount owed nor that the items were delivered.
Defendant claims he did not pay because certain items were defective, unsatisfactory and not as ordered. Some chairs were unfinished and some table bases were damaged. A stove arrived that was not as ordered. Defendant had to assemble the tables. Furthermore, plaintiff had agreed to supply all items needed at 10% above cost; plaintiff failed to do so and defendant had to purchase some items at increased prices. Defendant complained that some chairs came in incomplete; however, he did not deny that the backs of the unfinished chairs arrived as soon as the factory could produce them and that all he had to do was to tack the backs onto the chairs, a minor task.
The damaged table bases were replaced. Plaintiff offered to replace a stove that was not as had been ordered but was told by defendant that he would keep the 10 burner stove and buy a separate griddle.
It was understood that in order to get the special price of 10% above wholesale, defendant would be responsible for assembling the tables. Yet one of defendant’s primary complaints is that he had to pay a crew of men to assemble these items.
Defendant’s testimony about warranties was vague, indefinite and contradictory as was his testimony concerning what was to be supplied by plaintiff. Plaintiff testified that there were certain items he could not furnish defendant because he did not represent the manufacturers, and that he had so advised the defendant. Furthermore, defendant failed entirely to prove any increased cost.
Both the manufacturer’s representative and plaintiff testified that they visited defendant’s place of business frequently; yet defendant never expressed any complaints about the quality of the merchandise until suit was filed. Nor did defendant complain about having to go to other dealers to purchase the items plaintiff could not acquire for him.
We find the weight of the evidence is clearly and definitely on the side of plaintiff. The trial court was in error in finding for the defendant on the main demand. The trial court, however, was correct in rejecting the reconventional demand.
Therefore, there is now judgment in favor of plaintiff and against the defendant in the amount of $4,861.04 together with interest thereon from date of judicial demand and all costs. There is further judgment rejecting the reconventional demand. All costs are assessed against the defendant.
REVERSED IN PART AND RENDERED, AFFIRMED IN PART.